**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DANIEL ALBERTO ARANGUREN-CAMPOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1827-KC** |
| | § | |
| **WARDEN ERO EL PASO CAMP EAST MONTANA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Daniel Alberto Aranguren-Campos' Petition for a Writ of Habeas Corpus, ECF No. 1.

Aranguren-Campos is held in immigration detention at Camp East Montana in El Paso, Texas. *Id.* at 1. He challenges his detention as unlawful and requests that the Court order his release. *Id.* at 2. Aranguren-Campos "has resided in the United States for approximately [twenty-five] years." *Id.* at 1. According to Aranguren-Campos, he is subject to a final order of removal but "has a pending request for Stay of Removal and an approved I-130 immigration petition." *Id.* The Executive Office for Immigration Review ("EOIR") automated Case Information website, however, does not indicate that a removal order was entered or that there are ongoing removal proceedings. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not

be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than July 22, 2026**, why the application for a writ of habeas corpus should not be granted. In their response, Respondents shall state whether Aranguren-Campos is subject to a final order of removal, and if so, the date it became administratively final, and if not, the status of Aranguren-Campos' removal proceedings. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 8th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE